UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 12cv1519-BTM (BLM) <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** <br><br> [ECF No. 3] |

Currently before the Court is Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery (hereinafter "motion" or "motion for expedited discovery"). ECF No. 3. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **DENIES** without prejudice the motion for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that Defendant used BitTorrent, a popular peer-to-peer file sharing protocol, to illegally reproduce and distribute its copyrighted motion picture - "Popular Demand" - in violation of the Copyright Act, 17 U.S.C. § 501, et seq. ECF No. 1 at 3. On June 20, 2012, Plaintiff filed a complaint against Defendant for copyright infringement, contributory copyright infringement, and negligence. Id. at 7-9.

Plaintiff states that while it does not know John Doe's actual name at this time, it has

identified John Doe by the unique Internet Protocol (IP) address "68.8.137.53." Id. at 2. Plaintiff's investigator declares that he observed John Doe's IP address downloading and uploading the copyrighted motion picture in a BitTorrent "swarm."[1]  ECF No. 3-1 at ¶ 27, Decl. of Peter Hansmeier.

On June 28, 2012, Plaintiff filed its motion for expedited discovery. ECF No. 3. Because Plaintiff has only identified Defendant by its IP address, Plaintiff seeks the Court's permission to serve a third-party subpoena on Defendant's Internet Service Provider (ISP), Cox Communications, to obtain Defendant's name, address, telephone number, e-mail address, and Media Access Control address. ECF No. 3-3 at 2.

## DISCUSSION

**A.     The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through

---

[1] Plaintiff generally describes the mechanics of BitTorrent protocol:
> In BitTorrent vernacular, individual downloaders are called "peers." The aggregate group of peers involved in downloading a particular file is called a "swarm." A server that stores a list of peers is called a "tracker." A computer program that implements the BitTorrent protocol is called a "BitTorrent client." The person who possesses a complete digital reproduction of a given file and intentionally elects to share the file with other Internet users is called the "seeder." The complete file is called a "seed." ECF No. 3-1 at ¶ 9, Decl. of Peter Hansmeier.
>
> The sharing of a file via the BitTorrent protocol operates as follows. First, the initial seeder creates a small "torrent" file that contains instructions for how to find the seed. The seeder uploads the torrent file to one or more of the many torrent-indexing sites. As Internet users come across the torrent file, they intentionally elect to load the torrent files in their BitTorrent client, which uses the instructions contained in the torrent file to locate the seed. These users now are peers in the swarm with respect to that digital reproduction. The BitTorrent protocol dictates that each peer download a random portion of the file (a "piece") from the seed. After a peer has downloaded its first piece, it then shares that piece and subsequent pieces with other peers in the swarm. The effect of this protocol is that each peer is both copying and distributing copyrighted material at the same time. That is, each peer in a BitTorrent network has acted and acts in cooperation with other peers by agreeing to provide, and actually providing, an infringing reproduction of at least a substantial portion of a copyrighted work in anticipation of the other peers doing likewise. Joining a BitTorrent network is an intentional act, requiring the selection by a peer of multiple links to do so. Id. at ¶ 11.

one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing Cox Communications to produce documents and information sufficient to identify the user of the specified IP address.

**B.    Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitol, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See, e.g., UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify Doe defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

/ / /

### 1.    Identification of Missing Parties with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. In its motion, Plaintiff states that it "can only identify the infringers by their IP address and the date and time they were detected in the swarm." ECF No. 3-1 at ¶ 21, Decl. of Peter Hansmeier. Plaintiff also states that "[i]f one knows a computer's [IP] address, one can, using publicly available reverse-lookup databases on the internet, identify the ISP used by that computer, the city (or county) and state in which the computer was located, and the date and time that the [IP] address was obtained." Id. at ¶ 24.

Some district courts in the Ninth Circuit, including this one, have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the date of the alleged infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin. See Malibu Media, LLC v. Does 1-19, No. 12CV1049-LAB, 2012 WL 2152061, at *3 (S.D. Cal. June 12, 2012); Openmind Solutions, Inc. v. Does 1-39, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. See MCGIP, LLC v. Does 1-149, No. C-11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011).

This Court finds the former standard persuasive. Here, despite Plaintiff's contention that it "used geolocation technology to trace the IP address of the Defendant to a point of origin within the State of California," it has failed to provide the Court with any evidence supporting this contention. ECF No. 1 at 3. In similar cases where early discovery has been granted, this Court has required Plaintiffs to submit evidence showing the city or county associated with a defendant's IP address. See, e.g., Malibu Media, LLC v. John Does 1 through 35, 12CV1135-LAB, 2012 WL 2502710, at *3, (S.D. Cal. June 28, 2012) (where the Court found Plaintiff had identified Doe defendants with sufficient specificity after Plaintiff had submitted a chart including

the IP addresses associated with each defendant, the dates and times of the infringing activity, and the city and state in which each IP address is located). Without this evidence, the Court is unable to determine whether the Defendant is subject to the Court's jurisdiction.

### 2. Previous Attempts to Locate Defendants

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. Plaintiff retained a private computer investigator to identify the IP addresses of BitTorrent users who were allegedly reproducing Plaintiff's copyrighted material. ECF No. 3-1, Decl. of Peter Hansmeier. In its motion, Plaintiff declares that "[t]he only party from whom Plaintiff can discover John Doe's actual name and physical address [is] his ISP: Cox Communications." Id. at 9. However, because Plaintiff has failed to specify the Defendant's location, the Court questions whether Plaintiff has made a sufficient effort to identify Defendant.

### 3. Whether Plaintiff Can Withstand a Motion to Dismiss

#### a. Copyright infringement

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000)). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act," whereas "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a 'contributory' [copyright] infringer." Id. (alteration in original) (citation omitted). The Ninth Circuit has "interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement." Id. (alteration in original) (citation omitted).

Plaintiff purports to be the exclusive rights holder of the copyrighted motion picture "Popular Demand." ECF No. 1-2, Exh. B. Plaintiff further alleges that on May 7, 2012, Defendant

participated in a BitTorrent "swarm" for the purpose of illegally downloading and reproducing Plaintiff's copyrighted work. ECF No. 1 at 6-7. Plaintiff alleges that by participating in the "swarm," Defendant contributed to the infringing activities of thousands of other "peers." Id. at 8. Accordingly, Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579-80.

   b. Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." Mintz v. Blue Cross of Cal., 92 Cal. Rptr. 3d 422, 434 (Cal. Ct. App. 2009) (citation omitted).

Plaintiff alleges that Defendant accessed, or controlled access, to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's copyrighted work. ECF No. 1 at 9. Plaintiff further alleges that Defendant failed to adequately secure its Internet connection, and this failure "constitutes a breach of the ordinary care that a reasonable Internet account holder would [use] under like circumstances." Id. Plaintiff alleges that, due to this unsecured connection, others were allowed to unlawfully copy and share Plaintiff's copyrighted work, thereby interfering with Plaintiff's exclusive rights and causing Plaintiff financial harm. Id. at 9-10. Accordingly, Plaintiff's negligence cause of action could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

Although Plaintiff has established that its claims could withstand a motion to dismiss, Plaintiff has failed to identify the Defendant with sufficient specificity or properly describe its efforts to identify and locate the Defendant. Consequently, because Plaintiff has not satisfied the three-factor test set forth in Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999), the Court **DENIES** Plaintiff's motion for expedited discovery. Plaintiff may file a new motion correcting the identified deficiencies if it believes such a motion is appropriate.

///

1 **IT IS SO ORDERED.**

2 DATED:  July 12, 2012

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge