Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | **Case No. 3:12-cv-01519-BTM-BLM** |
| Plaintiff, | |
| v. | **PLAINTIFF'S RENEWED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |
| JOHN DOE, | |
| Defendant. | |

## INTRODUCTION

Plaintiff AF Holdings, LLC, respectfully submits this renewed *ex parte* application for leave to take expedited discovery. On July 12, 2012, the Court denied Plaintiff's original *ex parte* application for leave to take expedited discovery. (ECF No. 4.) In its denial, the Court stated that "Plaintiff has failed to identify the Defendant with sufficient specificity or properly describe its efforts to identify and locate the Defendant." (*Id.* at 6.) Specifically, the Court required "Plaintiff[ ] to submit evidence showing the city or county associated with [the] defendant's IP address." (*Id.* at 4.) In this renewed application, Plaintiff directly addresses the shortcomings identified by the Court with respect to the original application for expedited discovery (ECF No. 3), which is hereby made a part of this renewed application as if set forth fully herein.

## DISCUSSION

The Court ordered Plaintiff to submit evidence regarding the Defendant's location, because "[without this evidence, the Court is unable to determine whether the Defendant is subject to the Court's jurisdiction." (ECF No. 4 at 5.) Plaintiff alleged that it "used geolocation technology to trace

1   the IP address of the Defendant to a point of origin within the State of California." (ECF No. 1 ¶ 6.)

2   Geolocation databases are publicly available online. Geolocation technology indicates that

3   Defendant resides in Chula Vista, California. *See* *WhatIsMyIPAddress*,

4   http://whatismyipaddress.com/ip/68.8.137.53 (last visited July 12, 2012); (*See also* Declaration of

5   Brett L. Gibbs, attached hereto as Exhibit A.) Physical presence establishes personal jurisdiction.

6   *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the

7   matter is that jurisdiction based on physical presence alone constitutes due process . . . ."). Therefore,

8   this Court would have personal jurisdiction over the Defendant when he is named and served in this

9   case. Because Plaintiff only knows the IP address associated with the infringing activity, Plaintiff is

10   unable to identify or locate the Defendant with any further specificity. Only the Defendant's Internet

11   Service Provider is be able to provide Plaintiff with more specific identifying information.

12   <u>**CONCLUSION**</u>

13   Because Plaintiff has provided with Court with sufficient information "to determine whether

14   the Defendant is subject to the Court's jurisdiction," the Court should grant Plaintiff's renewed *ex*

15   *parte* application for leave to take expedited discovery.

16

17   Respectfully submitted,

18   PRENDA LAW, INC.

19   **DATED: July 25, 2012**

20   By:     /s/  Brett L. Gibbs, Esq.
            Brett L. Gibbs, Esq. (SBN 251000)

21            Of Counsel to Prenda Law, Inc.
            38 Miller Avenue, #263

22            Mill Valley, CA 94941
            blgibbs@wefightpiracy.com

23            *Attorney for Plaintiff*

24

25

26

27

28

PLAINTIFF'S RENEWED APPLICATION FOR EXPEDITED DISCOVERY        No. 3:12-cv-01519-BTM-BLM