UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | Case No. 12cv1519-BTM (BLM) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| JOHN DOE, | [ECF No. 5] |
| Defendant. | |

Currently before the Court is Plaintiff's renewed ex parte application for leave to take expedited discovery. ECF No. 5. ("Motion"). Plaintiff's first application was denied because Plaintiff failed to provide any evidence that Defendant was located in this district and subject to this Court's jurisdiction. ECF No. 4. Plaintiff has now renewed its application and, addressed the concerns raised by the Court in the order on Plaintiff's first application. Having reviewed Plaintiff's motion, and having found good cause, the Court **GRANTS** the motion for the reasons set forth below.

## BACKGROUND

On June 20, 2012, Plaintiff AF Holdings LLC filed a complaint against John Doe for copyright infringement, contributory copyright infringement, and negligence. ECF No. 1 at 7-9. Plaintiff purports to be the registered owner of the copyrighted motion picture entitled "Popular Demand." Id. at 2. In its complaint, Plaintiff alleges that John Doe used a popular peer-to-peer

file sharing protocol called BitTorrent to reproduce and distribute Plaintiff's copyrighted material. Id. at 3-5. According to Plaintiff, BitTorrent enables multiple computers to connect to each other for the purpose of sharing a file. Id. Rather than downloading an entire file from a single host computer, however, Plaintiff states that BitTorrent users download or "seed" pieces of a file from multiple computers simultaneously. Id. Once a user downloads a piece of a file, it begins uploading that piece to other users. Id. This is commonly known as a "swarm." Id. Finally, after a swarm member downloads all of a file's pieces, BitTorrent reassembles them and the user is able to view the file's contents. Id.

On June 28, 2012, Plaintiff filed its first application for expedited discovery. ECF No. 3. Specifically, Plaintiff sought the Court's permission to serve a third-party subpoena on John Doe's Internet Service Provider ("ISP"), Cox Communications, to obtain John Doe's true identity. Id. at 2. On July 12, 2012, the Court denied Plaintiff's first application for failing to provide any evidence showing it "used geolocation technology to trace the Internet Protocol ["IP"] address of the Defendant to a point of origin within the state of California." ECF No. 4 at 4. On July 25, 2012, Plaintiff renewed its ex parte application for leave to take expedited discovery. ECF No. 5. Plaintiff again seeks leave to serve discovery on John Doe's ISP, Cox Communications. Id. Plaintiff incorporates the same arguments made in its first application, but it attaches a declaration stating that John Doe is located within this District, and therefore subject to this Court's jurisdiction. Id., Decl. Brett L. Gibbs.

## DISCUSSION

**A.     The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise

1 controls or is responsible for, through any arrangement, the management and operation of such
2 a cable system." 47 U.S.C. § 522(5).  Accordingly, Plaintiff seeks an Order instructing Cox
3 Communications to produce documents and information sufficient to identify the user of the
4 specified IP address.

**B.     Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery.  Fed. R. Civ. P. 26(d)(1).  Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitol, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery).  Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.  In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants.  See, e.g., UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants.  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id.  Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id.  Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

    **1.     Identification of Missing Party with Sufficient Specificity**

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the

Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. Plaintiff has provided a declaration stating it used geolocation technology to determine that John Doe resides in Chula Vista, California.  ECF No. 5-1, Decl. Brett L. Gibbs.  Also, according to Plaintiff, "[w]hen presented with an IP address and the date and time of infringing activity, an ISP can identify the name and address of the ISP's subscriber because that information is contained in the ISP's subscriber activity logs." ECF No. 3 at 2.  The Court therefore finds that Plaintiff has made a satisfactory showing that John Doe is a real person or entity behind the alleged infringing conduct who would be subject to suit in federal court.

### 2.     Previous Attempts to Locate Defendant

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve him or her.  Plaintiff retained a private computer investigator to identify the IP addresses of BitTorrent users who were allegedly reproducing Plaintiff's copyrighted material.  ECF No. 3-1, Decl. Peter Hansmeier.  Although Plaintiff's computer investigator obtained John Doe's IP address, "the only party from whom Plaintiff can discover John Doe's actual name and physical address are his ISP: Cox Communications." Id. at 9.  The Court therefore finds that Plaintiff has made a good faith effort to identify and locate John Doe.

### 3.     Whether Plaintiff Can Withstand a Motion to Dismiss

a.     Copyright infringement

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000)).  To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act," whereas "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a 'contributory' [copyright] infringer." Id. (alteration in original) (citation omitted).  The Ninth Circuit has

"interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement." Id. (alteration in original) (citation omitted).

Plaintiff purports to be the exclusive rights holder of the copyrighted motion picture "Popular Demand." ECF No. 1-2, Exh. B. Plaintiff further alleges that on May 7, 2012, Defendant participated in a BitTorrent "swarm" for the purpose of illegally downloading and reproducing Plaintiff's copyrighted work. ECF No. 1 at 6-7. Plaintiff alleges that by participating in the "swarm," Defendant contributed to the infringing activities of thousands of other "peers." Id. at 8. Accordingly, Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579-80.

    b.    Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." Mintz v. Blue Cross of Cal., 92 Cal. Rptr. 3d 422, 434 (Cal. Ct. App. 2009) (citation omitted).

Plaintiff alleges that Defendant accessed, or controlled access, to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's copyrighted work. ECF No. 1 at 9. Plaintiff further alleges that Defendant failed to adequately secure its Internet connection, and this failure "constitutes a breach of the ordinary care that a reasonable Internet account holder would [use] under like circumstances." Id. Plaintiff alleges that, due to this unsecured connection, others were allowed to unlawfully copy and share Plaintiff's copyrighted work, thereby interfering with Plaintiff's exclusive rights and causing Plaintiff financial harm. Id. Accordingly, Plaintiff's negligence cause of action could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's motion for expedited discovery. For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45, on Cox Communications that seeks **only** the true name and address of John Doe. Plaintiff may not subpoena additional information;

2. Plaintiff may only use the disclosed information for the sole purpose of protecting its rights in pursuing this litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Cox Communications shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Cox Communications wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Cox Communications shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Cox Communications. Cox Communications, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED.**

DATED: August 7, 2012

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge