FILED

NOV 2 0 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

NUNC PRO TUNC

NOV 1 9 2012

Christopher Rogers
88 King Street
Chula Vista, CA 91910
Phone: (619) 549-6908
christopherallanrogers@gmail.com

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC | Case No.3: 12-cv-01519-BTM-BLM |
| Plaintiff, | DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS. |
| vs. | |
| CHRIS ROGERS, | |
| Defendant | |

## DEFENDANT ROGERS' NOTICE OF MOTION TO DISMISS COMPLAINT

**Come Now** the Defendant Chris Rogers who, for reasons more fully described below, moves to dismiss all of Plaintiff's Claims for Relief for failure to state a claim pursuant to Fed. R. Civ. 12(b)(6).

DEFENDANT ROGERS'  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS.

- 1

Christopher Rogers
88 King Street
Chula Vista, CA 91910
Phone: (619) 549-6908
christopherallanrogers@gmail.com

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC | ) Case No.3: 12-cv-01519-BTM-BLM |
| Plaintiff, | ) DEFENDANT ROGERS'  MEMORANDUM |
| | ) OF POINTS AND AUTHORITIES IN |
| vs. | ) SUPPORT OF MOTION TO DISMISS. |
| | ) |
| CHRIS ROGERS, | ) |
| | ) |
| Defendant | ) |

## **DEFENDANT ROGERS' NOTICE OF MOTION TO DISMISS COMPLAINT**

**Come Now** the Defendant Chris Rogers who, for reasons more fully described below, moves to dismiss all of Plaintiff's Claims for Relief for failure to state a claim pursuant to Fed. R. Civ. 12(b)(6).

DEFENDANT ROGERS'  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 2

**TABLE OF CONTENTS**

**NOTICE OF MOTION AND MOTION**……………………………………….....................……1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**……………………………………………….………..........…..........……….3

**II. FACTUAL BACKGROUND**……………………………………….……….....…........………..4

**III. STATEMENT OF ISSUES**………………………………………..………................………………4

**IV. LEGAL ARGUMENT**

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF

 MAY BE GRANTED………………………………………………….................................………5

1. Plaintiff's Negligence Claim is Preempted and Should Be Dismissed For Failure to State a
Claim.......................................................................................................................................6

a. Plaintiff's Claim is Within the Subject Matter of Copyright......................................................7
b. Plaintiff Seeks to Protect Rights That are Identical to the §106 Exclusive Rights.........................8

2. Plaintiff's Negligence Claim is Barred by CDA §230 Immunity and Should Be Dismissed for
Failure to State a Claim....................................................................................................12

3. Plaintiff's Bare Assertions Regarding Defendant's Duty Cannot Survive a 12(b)(6) Motion under
Iqbal & Twombley.............................................................................................................18

4. Plaintiff's Lack of Facts Regarding Defendant's Infringement and Contributory Infringement Cannot
Survive a 12(b)(6) Motion ………………………………….....................................................20


 **V. CONCLUSION**............................................................................................................22

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009)……………………………………………………….........….7,18

*Barnes v. Yahoo! Inc.* 2005 WL 30055602 at *4 (D. Or. Nov. 8, 2005)....................................................16

*Barrett v. Rosenthal,* 51 Cal.Rptr.3d 55 (2006)........................................................................................15

*Bell Atlantic v. Twombley,* 550 U.S. 544, 556 (2007)…………………....………………......………..7, 18

*Ben Ezra, Weinstein, & Co., v. Am. Online. Inc.* 206 F.3d 980, 986 (10th Cir. 2000)................................16

*Blumenthal v. Drudge,* 992 F.Supp. 44, 49 (Dist. D.C. 1998)...................................................................17

*Bridgeport Music, Inc. v. 11C Music, et. al.* 154 F.Supp.2d 1330 (M.D. Tenn., 2001)……...........……11

*Capital Cities Cable, Inc. v. Crisp* 467 U.S. 691 (1984). ........................................................................12

*Carafano v. Metrosplash,* 339 F.3d 1119 (9th Cir. 2003)...........................................................................16

*Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575 (N.D. Cal. 1999)...............................................21

*Delfino v. Agilent Technologies, Inc.,* 52 Cal.3d 376, 389 (6th App. Dist., 2006)..................................14-16

*Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973 (9th Cir. 1987)………….........……11

*Dielsi v. Falk,* 916 F.Supp. 985 (C.D. Cal. 1996)……………………………………….....…………......11

*Doe v. America Online, Inc.,* 783 So.2d 1010 (Fla. 2001)..........................................................................16

*Doe v. MySpace,* 528 F.3d 413 (5th Cir. 2008)...........................................................................................16

*Drum Major Music v. Young Money Entertainment,* 2002 WL 423350 (S.D.N.Y. Feb. 7, 2012).............12

*Dustin v. Galaza* 2009 WL 981151 (E.D. Cal. April 9, 2009)....................................................................20

*Felix the Cat Productions v. New Line Cinema,* 2000 WL 770481 (C.D. Cal. April 28, 2000)...............11

*Firoozye v. Earthlink Network,* 153 F.Supp.2d 1151 (N.D. Cal. 2001)……………………............……..8

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.,*

713 F.Supp.2d 215 (S.D.N.Y. 2010)……………………………………………………….............…..11

*Green v. Am. Online,* 318 F.3d 465, 472 (3d. Cir. 2003)............................................................................15

*Hishion v. King & Spalding,* 467 U.S. 69, 73 (1984)……………………………………............…..…..6

*In Re BitTorrent Litigation,* No. 2:11-cv-03999(E.D.N.Y. May 1, 2012)……………….............…..….2

*Jane Doe One v. Oliver*, 755 A.2d 1000, 1002-04 (Conn. Super. Ct. 2000)..............................16

*Kathleen R. v. City of Livermore*, 104 Cal.Rptr.2d 772 (1st Dist. 2001)..............................15-17

*Liberty Media Holdings v. Swarm* No. 11-00262-DAE-RLP (Docket NO. 66 - Order Granting in Part Defendant Hatcher's Motion to Dismiss…)(D. Haw. January 30, 2012)..................................19

*Liberty Media Holdings v. Swarm…and Does 1-62,* 2011 WL 1869923 (S.D. Cal. May 12, 2011)........19

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005)……...................7

*Parker v. Google, Inc.* 422 F.Supp.2d 492, 500-501 (E.D. Pa. 2006)........................................16

*Marvullo v. Gruner + Jahr AG & Co.,* 2001 WL 40772, at *7 (S.D.N.Y. Jan. 17, 2001)…………...........12

*McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988*)*... ... ... ... ... ... ... ... ... ...................... 6

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.,* 380 F.3d 1154, 1160 (9th Cir. 2004)...................21

*Moss v. U.S. Secret Service,* 572 F.3d 962 (9th Cir. 2009)……………………………….............…………..7

*Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 533-34 (9th Cir. 1984)……………........……...7

*Smith v. Intercosmos Media Group, Inc.* 2002 WL 31844907 at *3 (E.D. La. Dec. 17, 2002)................14

*Valdez v. J. D. Diffenbaugh Co.,* 51 Cal. App. 3d 494, 124 Cal. Rptr. 467 (1975)...................................18

*Watermark Publishers v. High Tech. Sys.,*
1997 U.S. Dist. LEXIS 22512 at * 15 (S.D. Cal. Jun 18, 1997)……………………………...............……...11

*Zeran v. America Online, Inc.* 129 F.3d 327 (4th Cir. 1998).....................................................................14

**STATUTES**

17 U.S.C. §102…………………………………………….............……………………….….........................9

17 U.S.C. §106…………………………………………………….........…...……………..…….….....……9

17 U.S.C. §301……………………………………………………………….............……………..….......…7

47 U.S.C. §230..............................................................................................................................13-15

**LEGISLATIVE MATERIALS**
H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659….......7,8,9

# 1. INTRODUCTION

The Plaintiff is one of recent wave of 'Copyright Trolls' that have built a business model of extortion. They have no interest in protecting copyrights and instead use the courts to intimidate Defendants to settle in order to avoid legal costs and embarrassment, or in filing mass complaints, to win some through default. These practices are well documented by the popular media (Seefor Example, http://www.usnews.com article dated February 02, 2012, "Porn Companies file Mass Piracy Lawsuits": http://www.usnews.com/news/articles/2012/02/02porn-companies-file-mass-piracy-lawsuits-are-you-at-risk). Prenda Law (Plaintiff's Council), in association with Pornographers AF Holdings and others, currently have hundreds of active cases listed on their website. The fact that very few of the hundreds of Defendants are actually taken to trial is obvious. An IP address is not sufficient to identify the infringer of a particular copyrighted work. Numerous courts have recognized this fact and the Plaintiff's council has been forced to admit it on numerous occasions. In fact, the complaint makes clear that the Plaintiff has no idea whether the Defendant has actually committed copyright infringement. In order to side step these issues is to accuse Defendants of negligence. Never mind that "copyright negligence" does not exist. For the Plaintiff, even though the negligence claim utterly lacks merit it served it's purpose, intimidation. The Defendant has been named on Plaintiff's Council's Website, threatened with public embarrassment and massive legal costs. I have been told by Prenda Law that I should settle for a convenient (for them) fee in order to avoid certain financial ruin. All claims in the Complaint fail to offer valid facts in support of a claim upon which relief may be granted under FRCP 12(b)(6). The negligence claim, in particular, does not even follow a viable, coherent legal theory.

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 3

For this abuse of the court system and for reasons outlined more fully below, Defendant Rogers respectfully requests that this court dismiss Plaintiff's ill-considered action.

## II. FACTUAL BACKGROUND

Plaintiff is the purported owner of the copyrighted adult video that is the subject of this action. Defendant is an ISP subscriber accused of negligence and/or copyright infringement/contributory copyright infringement based on allegations that his internet access was accessed by The Defendant and/or an "unidentified third party infringer" that allegedly used said access to commit copyright infringement.

## III. STATEMENT OF ISSUES TO BE DECIDED

1. Is Plaintiff's Negligence action against Defendant Rogers preempted by Copyright Act §301 or the doctrines of conflict preemption of field preemption?

2. Is Defendant Rogers entitled to immunity from suit under CDA §230 based on the allegations that he provided internet access to an unidentified individual that subsequently harmed Plaintiff?

3. Has Plaintiff alleged a sufficient factual basis regarding the existence of a duty to survive dismissal under FRCP 12(b)(6)?

DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. LEGAL ARGUMENT

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

A Complaint may be dismissed under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishion v. King & Spalding*, 467 U.S. 69, 73 (1984). A dismissal under this rule may be based on the failure to allege a cognizable legal theory, or by the failure to allege sufficient facts under a cognizable legal theory. *Roberston v. Dean Witter Reynolds, Inc.* 746 F.2d 530, 533-34 (9th Cir. 1984). Plaintiff commits both sins herein.

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the Plaintiff. See *Livid Holdings, LTD. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Notably, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and the courts are not "bound to accept as a true and legal conclusion couched as factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal quotation marks and citations omitted). See also *McGinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988)("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.). As such, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim are not entitled to a presumption of truth" *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

When a complaint fails to adequately state a claim, this fact should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic v. Twombley, 550 U.S. 544, 556 (2007). For the reasons outlined more fully below, Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus should be dismissed under Rule 12(b)(6).

1.      **PLAINTIFFS NEGLIGENCE CLAIM IS PREEMPTED AND SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

§301 of the Copyright act provides that

> "On and after January 1, 1978, **all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright** as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section 102 and 103, whether created before or after that date and whether published or unpublished, **are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.**"

17 U.S.C. 301(a)(Emphasis Added) Copyright Act preemption is extremely broad. California District Courts recognized that

> …Congress has clearly indicated that state-law claims which come within the **subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law …should be litigated only as federal copyright claims.** Id.

*Firoozye v. Earthlink Network*, 153 F.Supp.2nd 1151, 1121-22 (N.D. Cal. 2001)(Emphasis added)

The House report goes on to note to note that "preemption of rights under State law is complete with respect to any work coming within the scope of the bill, even though the scope of

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 6

exclusive rights given the work under the bill is narrower than the scope of common law rights in the work might have been." H.R.Rep. No. 1476, 94th Cong., 2[nd] Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N 5659. The message is unmistakable: The rights granted by the Copyright Act must be vindicated within the confines of the Copyright Act and it's jurisprudence.

The test for copyright preemption asks two essential questions. First, do the claims fall "within the subject matter of copyright law?" *Firoozye 153 F.Sup.* 2d at 1121-22. Second, do the claims seek to "protect the rights equivalent to any of the exclusive rights within the scope of federal copyright law?" *Id.* If the answer to these questions is yes, then Plaintiff's claims "should be litigated only as federal copyright claims." *Id.* In the instant case, the answer to each question is obviously affirmative, and Plaintiff's negligence cause of action against Chris Rogers is therefore preempted by §301.

## A.  Plaintiff's Claim is Within the Subject Matter of Copyright.

There can be no doubt that Plaintiff's claim herein, which is based on the alleged unauthorized reproduction and distribution of Plaintiff's copyrighted motion picture, is within the subject matter of copyright. The Copyright Act describes the "Subject matter of copyright" as follows. "Copyright protection subsists, in accordance with this title, in original works of authorship fixed in a tangible medium of expression… Works of authorship include the following categories… (6) motion pictures and other audiovisual work." 17 U.S.C. §102. As the House Committee report notes,

> "As long as work fits within one of the general subject matter categories of sections 102 and 103 [sections 102 and 103 of this title], the bill prevents the States from protecting it even if it fails to achieve Federal statutory copyright because it is too minimal or lacking in originality to qualify, or because it has fallen into the public domain."

H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659,

5748.

Thus, the first test for copyright preemption is satisfied whether or not the individual

work at issue is deemed copyrightable, and is satisfied solely by virtue of the fact that the work is

a motion picture, falling within the subject matter of copyright. The work that forms the basis of

Plaintiff's claim in the instant case qualifies as a motion picture, and thus is within the subject

matter of copyright. The first part of the preemption test is satisfied.


**B. Plaintiff Seeks to Protect Rights that are Identical to the §106 Exclusive Rights**

There can be no doubt that Plaintiff's negligence claim against Chris Rogers seeks to

protect rights that are equivalent to the section 106 rights of reproduction, distribution, etc.

Plaintiff's complaint makes it abundantly clear the negligence claim against Defendant Rogers

seeks to protect Plaintiff's copyrighted work from unauthorized copying and sharing. This is

precisely the role of copyright law.

Indeed, Plaintiff cannot manage to formulate any statement of its right to relief without

reference to its "exclusive rights" under the copyright act or the violation of those rights by

"copying." See, e.g. Plaintiff's complaint at ¶41 ("copying and sharing of Plaintiff's Video");

¶46 ("copying and sharing of Plaintiff's Video" and "… interfered with Plaintiff's exclusive

rights in the copyrighted work."); ¶27 ("infringement"). It seems fair to conclude, based on the

allegations of the complaint, that Plaintiff seeks redress for the violations of his exclusive rights,

which were violated by the copying and sharing of an unidentified individual.


DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

- 8 -

1   Plaintiff's own focus on its "exclusive rights' is instructive.  12 U.S.C. §106 is entitled

2   "Exclusive Rights in Copyrighted Works." And lays out the familiar exclusive rights, including

3
4   the right to distribute and the right to reproduce.  These are the rights that trigger copyright

5   preemption.  These are precisely the rights that Plaintiff claims were violated as a result of Mr.

6   Rogers' alleged negligence, and plaintiff is unable to formulate any version of the claim without

7   reference to its "exclusive rights." Moreover, the act that triggers liability to Plaintiff (under

8   Plaintiff's theory), is the unauthorized copying and sharing of Plaintiff's work by a third party.

9
10   This is exactly the situation that the twin doctrines of vicarious and contributory copyright

11   liability have been developed to address.

12   The Ninth Circuit has adopted the "extra element" test to help determine whether the

13   state law claim "seeks to protect rights which are qualitatively different from copyright rights.

14
15   The state claim must have and 'extra element' which changes the nature of the action" in order to

16   survive preemption *Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 977 (9th

17   Cir. 1987).  Many courts have addressed this issue and determined that negligence claims do not

18   add the required "extra element" that qualitatively changes the nature of the action, and thus are

19   preempted.  As the Central District of California recognized,

20
21   Because the essential allegation is still that Defendants unlawfully copied
   Plaintiff's ideas, it is still a copyright infringement claim.  Moreover,
22   **recharacterization of the claim as one of negligence' does not add a legally**
   **cognizable additional element** because a general claim for copyright
23   infringement is fundamentally one founded on strict liability.  The alteration of
   the required mental state does not add an 'additional element'... Plaintiff's
24   negligence claim is preempted by federal copyright law.

25
26
27
28   DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

   MOTION TO DISMISS.

*Dielsi v. Falk, 916 F.Supp.* 985, 992-993 (C.D. Cal. 1996)(emphasis added and internal

citations omitted). The court in *Dielsi* recognized that simply rephrasing a claim does not change

the essential elements of the claim.

In addition to the court in *Dielsi*, a number of other courts have found that copyright law

preempts negligence causes of action and that the alteration of the required mental state does not

add a legally cognizable extra element. See, e.g. *Felix the Cat Productions v. New Line Cinema*,

2000 WL 770481 (C.D. Cal. April 28, 2000)("Recharacterizing Plaintiff's copyright claim as one

for negligence does not add an additional element"); *Watermark Publishers v. High Tech. Sys.*,

1997 U.S. Dist. LEXIS 22512 at *15(S.D. Cal. Jun 18, 1997) (preempting Plaintiff's negligence

claim, and noting "the only possible basis for a duty to protect another from copyright

infringement- if such a duty can exist- is in copyright law; thus the alleged existence of a duty is

not an 'extra element'"); *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.* 713

F.Supp.2d 215 (S.D.N.Y 2010) (negligence claim under either New York or Illinois law was

properly preempted by Copyright Act §301); *Bridgeport Music, Inc. v. 11c Music, et. Al.* 154

F.Supp.2d 1330 (M.D. Tenn., 2001)(photographer's negligence claim simply restates copyright

infringement claim); *Drum Major Music v. Young Money Entertainment*, 2002 WL 423350

(S.D.N.Y. Feb. 7, 2012)(negligence claim preempted by Copyright Act).

Based on the foregoing, it is clear that Plaintiff's negligence claim against Defendant

Rogers is preempted by Copyright Act §301. The work at issue is a motion picture – certainly

within the subject matter of copyright as defined by §102. In addition, Plaintiff seeks to protect

rights that are identical to the rights protected by Copyright Law and Plaintiff is incapable, in

fact, of asserting any right to relief without reference to these exclusive rights. Because

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

- 10

Plaintiff's sole claim against Defendant Rogers is preempted, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to posit a cognizable legal theory entitling Plaintiff to relief.

### C.   Plaintiff's Claims are Also Preempted by the Doctrines of Conflict and Field Preemption

In addition to the obvious statutory preemption via §301, Plaintiff's claims are also preempted under the non-statutory doctrines of federal preemption. A state law cause of action is preempted not only when so decreed by specific statute, like §301. A state law cause of action is also preempted when the Constitution or other federal legislation evidences an intent to fully occupy the field in question, or when there is a fundamental incompatibility between federal and state law. Thus, when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress", it is preempted. See *Capital Cities Cable, Inc. v. Crisp* 467 U.S. 691 (1984).

In the instant case, Plaintiff seeks to hold an ISP subscriber liable for providing Internet access to an individual that subsequently used that connection to infringe Plaintiff's copyright. However, holding an information conduit liable for the content of the information transmitted represents a fundamental conflict between Plaintiff's state law claim and the existing federal legislation, including the DMCA, the Copyright Act, and the CDA.

The Copyright Act, DMCA, and CDA all include carefully crafted limitations of liability for mere intermediaries in the information transmission process, like Defendant here. The Copyright Act has created a substantial body of case law discussing the requirements for

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

imposing secondary liability on a third-party that has not directly infringed a copyright.  This regime does not authorize the imposition of liability for "negligent infringement."

Moreover, as described further below, the CDA also has broad immunity provisions designed to prevent the imposition of tort liability based on the communications of a third party.  The DMCA likewise includes several statutory "safe harbors," that are designed to shield third party intermediaries from copyright liability resulting from merely transmitting information.  Taken together, these demonstrate Congress' desire to occupy the field with regard to third party liability for the electronic communications of another – communications that invariably traverse state lines and defy state regulations.  As such, state regulation over this field is prohibited.

Additionally, Plaintiff's proposed cause of action directly conflicts with the copyright principles of secondary liability and the broad policies of an open Internet underlying both the CDA and DMCA.  Thus, Plaintiff's cause of action for negligence is also preempted under the doctrines of conflict preemption and field preemption.

## 2. PLAINTIFF'S NEGLIGENCE CLAIM IS BARRED BY CDA §230 IMMUNITY AND SHOULD BE DISMISSED UNDER RULE 12(B)(6).

Assuming, arguendo, that the Plaintiff's cause of action for negligence could survive preemption, Plaintiff's claims are nonetheless barred by Communications Decency Act immunity under 47 U.S.C. §230.  Specifically, §230(c)(1) provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. 230(c)(1).  The CDA goes on to

DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS.

- 12

state that "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. 230 (e)(3).

A fundamental policy underlying §230 immunity was "to promote the continued development of the Internet and other interactive computer services and other interactive media," and to preserver the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." 47 U.S.C. §230(b)(1 & 2). As the 4th Circuit recognized, the CDA was designed to "avoid the chilling effect upon Internet free speech that would be occasioned by the imposition of tort liability upon companies that do not create potentially harmful messages but are simply intermediaries for their delivery. *Zeran v. America Online, Inc*. 129 F.3d 327, 330-331 (4th Cir. 1998).

Although CDA immunity does not provide immunity from liability under *intellectual property* laws, Plaintiff's negligence claim *must not* be a claim under intellectual property laws if it is to survive preemption. Courts have constructed "immunity broadly, in the spirit of the CDA's stated purpose of promoting rather than impeding technology and Internet use." *Smith v. Intercosmos Media Group, Inc*. 2002 WL 31844907 at *3 (E.D. la. Dec. 17, 2002).

Courts must undertake a three-part inquiry to determine whether a defendant is eligible for CDA immunity. They are "(1) the defendant [is] a provider or user of an interactive computer service; (2) the cause of action treat[s] the defendant as a publisher or speaker of information; and (3) the information at issue [is] provided by another information content provider." *Delfino v. Agilent Technologies, Inc.,* 52 Cal. 3d 376, 389 (Ct. App., 6th App. Dist., 2006), quoting *Gentry v. eBay, Inc,*. 99 Cal. App. 4th 816, 839 (Ct. App. 4th Dist., 2002).

DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS.

- 13

As noted above, courts must first determine whether the defendant qualifies as a "provider... of an interactive computer service." Although this phrasing conjures images of traditional internet service providers, (i.e. Comcast or Time Warner), the CDA defines the term in a way that leaves no doubt that it would apply to the allegations against Defendant Rogers. Specifically, §230(f)(2) defines an interactive computer service as "any information service, system or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet..."** 47 U.S.C. 230(f)(2)(emphasis added).

Defendant Rogers is accused of providing Internet access to an individual that ultimately pirated Plaintiff's film. This act is the sole basis of Defendant Rogers' liability. The act of providing internet access to a third party, however, is **exactly** the type of activity that qualifies one for CDA immunity as the provider of an interactive computer service and it is specifically included in the definition cited above. Indeed, the California Court of Appeals examined almost precisely the same issue in *Delfino v. Agilent Technologies, Inc.*, 52 Cal. Rptr.3d 376 (2006). The Plaintiff in *Delfino* sought to impose liability on Agilent Technologies based on Agilent's provision of Internet access to a particular employee, who used that access to send allegedly threatening and defamatory emails. Plaintiff sought to impose liability on Agilent based on a theory of negligent infliction of emotional distress, based on allegations very similar to those made by Plaintiff in the present case. Specifically, Plaintiff claimed that Agilent "was informed and knew that [the employee] was using it's computer system" to commit torts against the Plaintiff. Agilent claimed immunity under the CDA and the trial court confirmed. On appeal, the 6th Appellate district confirmed the grant of immunity and noted that "Agilent clearly meets the

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 14

definition of that term under section 230(f)(2), in that it "provides or enables computer access by multiple users." *Id.* at 390. Another California case, *Kathleen R. v. City of Livermore*, held that a public libraries provision of computers and Internet access qualified them for CDA protection as the provider of an interactive computer service. See 104 Cal.Rptr.2d 772 (1st Dist. 2001).

The conduct here that purportedly gives rise to liability is virtually identical to the conduct of the defendants in *Delfino* and *Kathleen R.* , namely, the provision of Internet access to a third party. As the courts in *Delfino* and *Kathleen R.* concluded, and a s the language of §230 makes clear, a defendant whose liability is premised upon his ownership or control of a **"service or system that provides access to the Internet,"** should properly qualify as the provider of an interactive computer service, and satisfies the first requirement for CDA immunity.

The second requirement for CDA immunity to apply is that "the cause of action treat[s] the defendant as the publisher or speaker of information." *Delfino* at 389. The California Supreme Court has held that the CDA makes no attempt to exclude pre-CDA "distributors" of information, and one who was characterized as a passive distributor is likewise entitled to immunity. *Barret v. Rosenthal,* 51 Cal.Rptr.3d 55 (2006).

Moreover, although this element is couched in terms that are familiar to defamation suits, "it is clear that immunity under section 230 is not so limited" *Delfino* at 390. Numerous courts have applied CDA immunity to defendants accused of a variety of torts beyond defamation, including nuisance, premises liability, misappropriation of right of publicity, and , relevantly, negligent failure to control a third party's online conduct. See, e.g. *Kathleen R., supra,*; *Carafano v. Metrosplash.com, inc.*, 339 F.3d 1119 (9th Cir. 2003); and *Doe v. America Online, Inc.* 783 So2d 1010 (Fla. 2001).

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 15

Indeed, several courts have specifically held that CDA immunity bars a Plaintiff's claim for negligence, like the one alleged herein. See, e.g. Doe v. MySpace, 528 F.3d 413 (5th Cir. 2008)(Defendant immune from liability for negligence); Carafano v. Metrosplash, 339 F.3d 1119(9th Cir. 2003)(same); Barnes v. Yahoo! Inc. 2005 WL 30055602 at *4 (D. Or. Nov. 8, 2005)(same); *Ben Ezra, Weinstein, & Co., v. Am. Online. Inc.* 206 F.3d 980, 986 (10th Cir. 2000)( CDA bars claims for negligent failure to police network); *Jane Doe One v. Oliver,* 755 A.2d 1000, 1002-04 (Conn. Super. Ct. 2000)(CDA bars claims for negligence, inter alia); *Parker v. Google, Inc.* 422 F.Supp.2d 492, 500-501 (E.D. Pa. 2006)(CDA bars claims for invasion of privacy, negligence, and defamation).

The case of *Kathleen R.*, noted above, is again instructive. In that case, Plaintiff attempted to hold the city of Livermore liable for allowing a twelve-year-old to access and download sexually explicit images from an Internet connection in the public library. *Kathleen R.* 104 Cal.2d at 773. Notably, the Plaintiff alleged that the minor went to the library and downloaded sexually explicit photos onto a floppy disk that he brought to the library. *Id.* The minor then allegedly took the floppy disk to another location where he printed the pictures. The state court of appeals had no trouble determining that Plaintiff was attempting to hold the library responsible as the speaker of publisher of the explicit materials by virtue of the library's role as a conduit for Internet service. The court held that §230 immunizes "interactive computer service providers from liability for mere failure to 'restrict access to offensive materials disseminated through their medium.'" *Id.* at 780, quoting *Blumenthal v. Drudge,* 992 F.Supp. 44, 49 (Dist. D.C. 1998).

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 16

1    The allegations against the defendant herein are almost identical to those in *Kathleen R.*

2  In each Plaintiff seeks to impose liability on the basis of the defendant's provision of Internet

3  access to a third party or third parties. In each, the Defendant is accused only of being a conduit

4
5  for objectionable material that was downloaded from a connection offered by the Defendant. In

6  each case, the defendant's liability is premised on a third party's use of the defendant's Internet

7  access to copy pornographic materials to a storage device for later use. And, like the City of

8  Livermore in *Kathleen R.,* the defendant here is entitled to CDA immunity.

9
10    The final prong of the test for CDA immunity asks whether "the information at issue [is]

11  provided by another information content provider." *Delfino* at 389. The CDA defines an

12  information content provider as the "person or entity that is responsible, in whole or in part, for

13  the creation or development of information provided through the internet..." 47 USC §203(f)(3).

14
15  In the present case, it is clear that Defendant Rogers is not the creator or entity responsible for

16  the creation or development of the film at issue. There is clearly no allegation in the present case

17  that Defendant Rogers is the creator or developer of the information at issue – Plaintiff's

18  copyrighted work. As such, Defendant Hatfield easily satisfies the third prong of the preemption

19  test.

20
21    Plaintiff herein explicitly seeks to impose liability on Defendant Rogers based on the

22  Defendant's alleged provision of Internet access to an unidentified individual that infringed the

23  Plaintiff's copyright. The provision of Internet access to a third party, however, makes

24  Defendant Hatfield the provider of an interactive computer service and entitles him to immunity

25  under the CDA. This immunity extends to all attempts to hold the Defendant liable for the

26
27
28    DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

allegedly tortious information supplied by a third-party. Thus, in addition to being preempted as described above, Plaintiff's claims are barred by Defendant's CDA §230 immunity.

## 3. PLAINTIFF'S BARE ASSERTIONS REGARDING DEFENDANT'S DUTY CANNOT SURVIVE A 12(B)(6) MOTION UNDER IQBAL & TWOMBLEY

Plaintiff's negligence claim against Defendant Rogers is devoid of factual support and does not satisfy the federal courts' heightened pleading standards in the wake of *Bell Atlantic v. Twombley* and *Iqbal v. Ashcroft*. Plaintiff's claim against Defendant Rogers, indeed amounts to little more than a formulaic recitation of the elements of a cause of negligence, along with general "defendant-unlawfully- harmed me" accusations like those rejected in *Iqbal & Twombly*.

The clearest example of the deficiencies in Plaintiff's complaint arises with regard to the alleged duty owed by Defendant Rogers. "[T]o state a negligence cause of action, the defendant must owe a duty of due care to the person injured, or to a class of persons of which the plaintiff is a member." *Valdez v. J. D. Diffenbaugh Co.,* 51 Cal. App. 3d 494, 124 Cal. Rptr. 467

(1975). Paragraph 42 of Plaintiff's complaint is the only paragraph that attempts to establish a legal duty owed by Defendant Rogers to Plaintiff. In support of this proposition, Plaintiff offers the following: "Defendant Hatfield had a duty to secure his Internet connection." (Doc. 1 at ¶42).

This is *precisely* the "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice." *Twombly* 127 S.Ct. at 1955. This court is

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 18

not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal* 129 S.Ct. at 1950.

Plaintiff has offered no factual or legal support for the (literally) unprecedented proposition that an ISP subscriber (ergo, *all ISP subscribers)* owe a duty to Plaintiff (and all pornography companies, and all other companies that own intellectual property rights) to take specific steps to secure their Internet connection to prevent copyright infringement. The allegation that "Defendant Rogers had a duty to secure his Internet connection" is the epitome of a legal conclusion couched as a factual statement, and is the only support for the unprecedented proposition embodied within it.

The District Court for the District of Hawaii has recently considered a negligence claim in the BitTorrent context and concluded that the

> "allegations in the FAC are not sufficient to state a claim of negligence for
> a couple reasons. First, nowhere in the FAC does Plaintiff assert any specified
> legal duty in connection with its negligence claim. Further, Plaintiff has not cited,
> nor has this Court found, any case law with analogous facts from which the Court
> could conclude that the Defendants owed Plaintiff a general duty to secure their
> internet connections."

*Liberty Media Holdings v. Swarm* No. 11-00262-DAE-RLP (Docket NO. 66 - Order Granting in Part and Denying in Part Defendant Hatcher's Motion to Dismiss...)(D. Haw. January 30, 2012). See also, *Liberty Media Holdings v. Swarm...and Does 1-62,* 2011 WL 1869923 (S.D. Cal. May 12, 2011). On motion for expedited discovery, Court determined that Plaintiff's cause of action for negligence could not withstand a motion to dismiss). Plaintiff herein has offered nothing more than a threadbare assertion that Defendant Rogers had a duty to secure his Internet connection, entirely devoid of any factual support for the proposition. Thus, assuming arguendo

DEFENDANT ROGERS'  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

- 19

1
2
3
4

that negligence is not preempted *and* that Defendant does not qualify for CDA immunity, Plaintiff's cause of action for negligence must nonetheless be dismissed for failing to allege sufficient factual basis to support the claim.

5
6
7
8

## 4.  PLAINTIFF'S LACK OF FACTS REGARDING DEFENDANT'S INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT CANNOT SURVIVE A 12(B)(6) MOTION.

9
10
11
12
13
14
15

The infringement claim and contributory infringement claim are devoid of plausible evidence or facts, and therefore do not satisfy the pleading standards of Iqbal and Twombly. All allegations against Defendant Rogers are based on a 'snapshot' of bittorrent activity obtained by AF Holdings.  Using questionable methods, they identified an IP number that may, or may not have been linked with Defendant Rogers' ISP account.

16
17

### A. An IP Address is Not Sufficient to Identify a Person

18
19
20
21
22
23
24

The IP evidence is not sufficiently linked to Defendant and therefore fails the Plausibility Test set forth in Iqbal and Twombly. There is a growing body of district court decisions to quash and dismiss cases of copyright infringement that are based merely on IP address, *See, e.g., In re Bit Torrent Adult Film*, supra, 2:11-cv-03995, May 1, 2012, at p. 6; *Malibu Media LLC v. John Does 1-10*, 2:12-cv-3623, Order, June 27, 2012.   Most pertinent is the decision of Judge Gary Brown in *K-Beech, Inc. v. John Does 1-37 2:11-cv-03995* PACER Case # 321301 (EDNY 2011)

25
26
27

> The assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time. **An IP**

28

DEFENDANT ROGERS'   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

- 20

**address provides only the location at which one of any number of computer devices may be deployed**…

Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call.

Indeed, due to the increasingly popularity of wireless routers, it much less likely.

Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared.  In sum, although the complaints state that IP addresses are assigned to "devices" and thus by discovering the individual associated with that IP address will reveal "defendants' true dentity," this is unlikely to be the case. **Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device**.

*K-Beech, Inc. v. John Does 1-37 2:11-cv-03995* PACER Case # 321301 (EDNY 2011)(emphasis added) Judge Brown goes on to note that regardless is a wireless router has been secured, neighbors or passerby could access the Internet using an IP address from "beyond 600 feet" away.

## B.  Forensic Software Used by Plaintiff Is Unreliable Further Undermining Plausibility.

IP evidence cited by Plaintiff is unreliable and therefore does note meet the Plausibility Test put forth in Iqbal and Twombly.  An error rate of at least 30% has been cited for the forensics investigation companies used in bittorrent cases.  In a case out of the Southern District of New York, Plaintiff's counsel estimated "that 30% of the names turned over by IPSs are not those of individuals who actually downloaded or shared copyrighted material."  Opinion and Order, *Digital Sin, Inc. v. John Does 1-176*, 2012 W.L. 263491, 12-cv-00126 (S.D.N.Y. Jan. 30, 2012) at p. 5. Even more concerning is that the Plaintiffs are willing to rely on dubious information when attempting to encourage

DEFENDANT ROGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.

- 21

1    Defendants to settle the action without a review of the strength of the individual claim.  No civil

2    litigator would file lawsuits with an error rate of 30% without having to consider the

3

4    consequences under Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. 1927.

5

6    ## C.  A "Snapshot" Observation is Not Enough to Plausibly Infer Copyright Infringement

7       Under §106

8              Disregarding IP addresses, there is still no plausible evidence to show copyright

9    infringement or contributory infringement took place.  Under Copyright Law §106 "A

10
     copyrighted work would be infringed by reproducing it in whole or in any substantial part."  In
11
     Plaintiff's Complaint ¶23 the limited scope of the evidence is mentioned, "Plaintiffs investigators
12

13   detected Defendant's illegal download on5/7/2012 at 7:45:42 PM (UTC). However, this is a

14   simply a snapshot observation of when the IP address was observed in the BitTorrent swarm"
15
     This, one minute "snapshot" would show only a tiny fraction of the video could have been
16

17   reproduced within that one minute time frame, not the "substantial part"  required to constituted

18   infringement under §106.

19

20                                   **IV.  CONCLUSION**
21

22   For the reasons outlined above, Defendant respectfully requests that this court dismiss the claim

23   of negligence against Defendant Rogers.  Plaintiff's cause of action is explicitly preempted by

24   Copyright Act §301, and is further preempted by the doctrines of conflict and field preemption.
25
     Additionally, Defendant is immune from liability for the alleged acts under CDA §230 and
26

27   Plaintiff's complaint should therefore be dismissed.  Plaintiff has also failed to adequate allege

28              DEFENDANT ROGERS'  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

                                   MOTION TO DISMISS.

                                        - 22

1   the existence of a duty owed by the Defendant to the Plaintiff.  Each of these failings are

2   independently adequate for dismissal.

3

4

5

6

7                                              Dated this 17th of November, 2012

8

9

10                                             Christopher Allan Rogers

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROGERS'  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

MOTION TO DISMISS.

- 23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

AF Holdings, LLC )
   Plaintiff )
      vs. )
  )
Chris Rogers )
  Defendant )
_____ )

Case No. 3:12-CV-01519-BTM-BLM

**DECLARATION OF SERVICE**

Person Served:
Brett L. Gibbs, Council for Plaintiff
Date Served:
11/19/12

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:

in the following manner: (check one)

1)     By personally delivering copies to the person served.

2)     By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)     By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)     By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at
        on        , 20    .

Brett L. Gibbs
38 Miller Avenue #263
Mill Valley, CA 94941

Executed on   Nov. 19,   , 2012   at  San Diego, CA.