Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,  )<br>  )<br>        Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>CHRIS ROGERS,  )<br>  )<br>        Defendant.  )<br>  )<br>_____ ) | **Case No. 3:12-cv-01519-BTM-BLM**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT ROGERS' MOTION TO DISMISS** |

Defendant Chris Rogers ("Defendant") brought a Motion to Dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. (ECF No. 10.) In support of his motion, Defendant argues that: (1) Plaintiff's Negligence claim is preempted by the Copyright Act (*id.* at 6-12); (2) Plaintiff's Negligence claim is barred by §230 of the Communications Decency Act (*id.* at 12-18); (3) Plaintiff cannot establish the duty element of a negligence cause of action (*id.* at 18-20); and (4) Plaintiff cannot establish its infringement and contributory infringement claims (*id.* at 20-22). For the reasons set forth below, the Defendant's motion to dismiss must be denied.

## LEGAL STANDARD

A Federal litigant must plead sufficient factual matter that, if accepted as true, will state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (1949); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The standard governing a Rule 12(b)(6) motion incorporates two important and related principals. First, the complaint cannot rest upon

conclusory assertions, or simply allege legal conclusions portrayed as facts. *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). Second, *Twombly* and the cases following it require that a complaint allege "not just ultimate facts (such as a conspiracy), but *evidentiary facts* which if true, will prove" the alleged violation. *Id.* at 1047 (quoting *Twombly*, 550 U.S. at 555) (emphasis added); *see also Iqbal*, 129 S.Ct. at 1950 (courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (internal citation omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not accept "merely conclusory, unwarranted deductions of fact").

Under Rule 12(b)(6), "dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts could be proved consistent with the allegations." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). This rule challenges the sufficiency of a pleading, and it must be read in conjunction with Rule 8(a) which provides the standard for a well-plead complaint in Federal Courts. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1355-56 (1990) ("[A] short and plain statement of the claim showing that the pleader is entitled to relief."). Furthermore, a court "must accept all material allegations in the complaint as true, and construe them in light most favorable to the plaintiff." *NL Industries v. Kaplan*, 792 F.2d 896 (9th Cir. 1986). Accordingly, the court's task in a Motion to Dismiss adjudication is a limited one; "[t]he issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Vega v. JP Morgan Chase Bank, NA*, 654 F. Supp. 2d 1104 (E.D. Ca. 2009) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As such, dismissal under a Rule 12(b)(6) motion is only proper 'where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)). Plaintiff's Complaint easily satisfies this standard for each count.

///

///

///

# ARGUMENT

## I. PLAINTIFF'S NEGLIGENCE CLAIM IS NOT PREEMPTED BY THE COPYRIGHT ACT

Defendant's first argument is that Plaintiff's negligence claim is preempted by the Copyright Act because the negligence claim is simply a rebranding of the copyright infringement claim. (ECF No. 10 at 6-12.) The negligence claim against Defendant, however, is distinct from an infringement claim. In its negligence claim, Plaintiff does not allege that Defendant negligently infringed on its copyright, but instead alleges that Defendant is liable for the damage he caused by virtue of his negligent operation of a home network that allowed *someone else* to infringe on Plaintiff's copyrighted work. (ECF No. 7 ¶¶ 41-50.) The harm caused by Defendant's negligence is a *sui generis* harm distinct from infringement.

The cases cited by Defendant (ECF No. 10 at 10) instruct that negligence claims are preempted only when they merely recharacterize direct infringement claims against a particular party. *See Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) ("But this [negligence] claim merely recharacterizes a copyright infringement claim as one for negligence. Because the essential allegation is still that Defendants unlawfully copied Plaintiff's ideas, it is still a copyright infringement claim."); *Gary Friedrich Enter. v. Marvel Enterprises*, 713 F. Supp. 2d 215, 227 (S.D.N.Y. 2010) (rejecting negligence claim based on a duty not to infringe upon the intellectual property rights of the plaintiffs); *Bridgeport Music, Inc. v. 11C MUSIC*, 154 F. Supp. 2d 1330, 1334 (M.D. Tenn. 2001) (preempting allegations that defendants were "'grossly negligent' in determining whether the Infringing Compositions and/or Sound Recordings and/or Records in issue infringed upon any other, pre-existing musical composition and/or sound recording."). Defendant did not commit "negligent infringement" against Plaintiff's copyright; Defendant's negligence led to the infringement by someone else.

Unlike the Patent Act, the Copyright Act does not cover liability for infringement committed by another. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434-35 (1984) ("The Copyright Act does not expressly render anyone liable for infringement committed by another. In

3

contrast, the Patent Act expressly brands anyone who 'actively induces infringement of a patent' as an infringer and further imposes liability on certain individuals labeled 'contributory' infringers.") (internal citations omitted). The doctrine of contributory infringement traces its roots back at least one century. *See Kalem Co. v. Harper Brothers,* 222 U.S. 55, 62-63 (1911) ("If the defendant did not contribute to the infringement it is impossible to do so except by taking part in the final act."). Because contributory infringement remains a common law doctrine—at least with respect to copyrights—it cannot possibly be deemed to preempt state law theories of secondary liability. *See* U.S. Const. Art. IV cl. 2 ("This Constitution, and the *Laws of the United States*… shall be the supreme law of the land….") (emphasis added). Because negligent actions that lead to someone else committing copyright infringement is not covered by the Copyright Act or the doctrine of contributory infringement, Plaintiff's negligence claims are not preempted.

## II.   PLAINTIFF'S NEGLIGENCE CLAIM IS NOT BARRED BY CDA §230

Defendant's second argument is that Plaintiff's negligence claim is barred by section 230 of the Communications Decency Act ("CDA"). (ECF No. 10 at 12-18.) This provision prohibits, "hold[ing] interactive computer services liable for their failure to edit, withhold or restrict access to offensive material disseminated through their medium." *Blumenthal v. Drudge*, 992 F.Supp. 44, 49 (D.D.C. 1998). Defendant does not cite to, nor is Plaintiff's counsel aware of, any case where a network operator successfully invoked section 230 immunity for torts arising from the dissemination of non-offensive material. There is a simple reason why such a case does not exist: the CDA relates exclusively to offensive speech.

The CDA was enacted to "deter and punish trafficking in obscenity, stalking, and harassment by means of computer." 47 U.S.C. § 230(b)(5). Congress recognized that holding online service providers (Facebook or Myspace) and Internet service providers (Comcast and Time Warner) liable for the offensive speech of their users would foster a "[C]hilling effect upon Internet free speech…." *Zeran v. America Online, Inc.*, 129 F.3d 327, 330-331 (4th Cir. 1998). Such companies would have no option but to deploy aggressive speech filters if they were exposed to tort liability for the offensive speech of their users.

4

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS   No. 3:12-cv-1519-BTM-BLM

The cases cited by Defendant all relate to immunity from tort liability for offensive speech. (ECF No. 10 at 12-18.) For example, the two cases in chief relied on by Defendant in support of his section 230 immunity claim are *Delfino v. Agilent Technologies, Inc.*, 52 Cal.Rptr.3d 376 (2006) and *Kathleen R. v. City of Livermore*, 104 Cal.Rptr.2d 772 (1st Dist. 2001). In *Delfino*, an employer successfully invoked section 230 immunity to avoid tort liability for an employee's threatening and harassing e-mails. 52 Cal.Rptr.3d 376. In *Kathleen R.*, the City of Livermore, California successfully invoked section 230 immunity for the library's alleged failure to prevent a minor from accessing pornographic materials via the library's public computers. 104 Cal.Rptr.2d 772. In both instances, the speech in question was identified in the CDA's policy statements. *See* 47. U.S.C. § 230(b)(5) (ensuring vigorous enforcement of laws designed to, "deter and punish trafficking in obscenity, stalking and harassment by means of computer.")

In this case, Plaintiff is not seeking to impose liability on Defendant for his, "failure to edit, withhold or restrict access to offensive material disseminated through his residential network." *Blumenthal*, 992 F.Supp. 44 at 49. Instead, Plaintiff is seeking to impose liability on Defendant for the negligent maintenance of his residential network, which allowed a third-party to commit industrial-scale infringement of Plaintiff's copyrighted works. (ECF No. 7 ¶¶ 41-50.) There is simply no basis on which to confer section 230 immunity on Defendant.

### III. DEFENDANT HAS A DUTY TO EXERCISE REASONABLE CARE IN THE OPERATION OF HIS INTERNET NETWORK

Defendant's third argument is that he owes no duty to Plaintiff, absent a special relationship. (ECF No. 10 at 18-20.) Plaintiff's claim against Defendant is that he negligently operated his residential network. (ECF No. 7 ¶¶ 41-50.) While less common, Plaintiff's claim is comparable to a typical claim for negligent. If Defendant had given his gun to another person and that person subsequently used the gun to kill someone, a subsequent negligence action against Defendant would almost certainly survive a motion to dismiss. If Defendant had given his car to another person and that person subsequently ran down a pedestrian, a subsequent negligence action against Defendant would almost certainly survive a motion to dismiss. The basis for the instant action is not, of course,

that someone harmed Plaintiff using a gun or a car that Defendant gave him, but rather that Defendant provide another individual with the means to harm Plaintiff.

Although the question of duty is a question of law, "[f]oreseeability of the risk is a primary consideration establishing the element of duty," *Weirum v. RKO Gen., Inc.*, 539 P.2d 36, 46 (Cal. 1975) (citing *Dillon v. Legg*, 441 P.2d 912 (Cal. 1968)), and the question of whether a particular risk was foreseeable is a question of fact for the jury. *Wright v. Arcade Sch. Dist.*, 40 Cal. Rptr. 812 (Cal. Ct. App. 1964). Here, neither party is arguing that a negligent network operator could never owe a duty to a third party for harmful acts committed via the network. Nor would such an argument be made in good faith. The Internet will soon be the most significant medium of commerce, social interaction and media consumption. It would be absurd to conclude that the gatekeepers to the world's largest market could never owe a duty to third parties. The next major question is foreseeability, and that is a question for which Plaintiff is entitled to submit evidence.

### IV. PLAINTIFF'S COPYRIGHT INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT CLAIMS CAN SURVIVE A MOTION TO DISMISS

Defendant's final argument is that Plaintiff's copyright infringement and contributory infringement claims cannot survive a motion to dismiss. (ECF No. 10 at 20-22.) Defendant essentially challenges Plaintiff's methods of ascertaining his identity.[1] (*Id.*) A motion to dismiss, however, must focus on the allegations made by Plaintiff in its complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (1949) (2009). None of the claim made in the complaint require Plaintiff to establish, or even discuss, the means taken to identify the Defendant. Under Rule 12(b)(6), "dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts could be proved consistent with the allegations." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Defendant's arguments that Plaintiff has not properly ascertained his identity are not a basis to dismiss Plaintiff's claims.

---

[1] Defendant focuses solely on the fact that an IP address alone is not sufficient to identity the individual that infringed on Plaintiff's copyrighted works. Plaintiff's allegations and identification of Defendant are based off of much more information than a lone IP address, however.

## CONCLUSION

The Court should deny Defendant's motion to dismiss. Plaintiff's negligence claim is not preempted by the Copyright Act. Plaintiff's negligence claim is not barred by CDA § 230. Defendant has a duty to exercise reasonable care in the operation of his Internet network. Plaintiff's copyright infringement and contributory infringement claims can survive a motion to dismiss.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: December 3, 2012**

By:     /s/ Brett L. Gibbs
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 3, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system. In addition, Defendant was served by U.S. mail postage prepaid consistent with the Federal Rules of Civil Procedure at the following last known residential address:

>Chris Rogers
>88 King Street
>Chula Vista, CA 91910

**DATED: December 3, 2012**                By:                  /s/  Brett L. Gibbs, Esq.