# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br>   v.<br><br>CHRIS ROGERS,<br><br>        Defendant. | Case No. 12cv1519 BTM(BLM)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

Defendant Chris Rogers has filed a motion to dismiss Plaintiff's complaint for failure to state a claim. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss as to Count Three and defers ruling on the motion to dismiss as to Counts One and Two.

## I. BACKGROUND

Plaintiff's First Amended Complaint ("FAC") asserts claims of (1) copyright infringement; (2) contributory infringement; and (3) negligence against Defendant Chris Rogers.

Plaintiff alleges that Defendant unlawfully downloaded, reproduced, and distributed copies of Plaintiff's adult entertainment video, "Popular Demand" (the "Video") using a peer-to-peer file-sharing tool known as BitTorrent. Plaintiff alleges that Defendant was the user of IP address 68.8.137.53 at the time of the illegal download.

## II.  STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## III.  DISCUSSION

Defendant moves to dismiss the FAC on the ground that Plaintiff has failed to state a claim. As discussed below, the Court finds that dismissal is warranted as to Count Three and orders a more definite statement with respect to Counts One and Two.

A. Copyright Act Claims

In Counts One and Two, Plaintiff sues Defendant for direct copyright infringement as well as contributory infringement under the Copyright Act.  In his motion to dismiss, Defendant argues that these claims should be dismissed because the FAC lacks sufficient facts regarding Defendant's involvement in the infringing activity.

The FAC alleges that Defendant, using IP address 68.8.137.53, participated in the swarm that downloaded and distributed the Video on May 7, 2012.  (FAC ¶¶ 4, 22.)  This factual allegation is probably sufficient under Rule 12(b)(6).  See Form 19 of the Fed. R. Civ. P.

However, the Court is concerned about the lack of facts establishing that Defendant was using that IP address at that particular time.  Indeed, the FAC does not explain what link, if any, there is between Defendant and the IP address.  It is possible that Plaintiff sued Defendant because he is the subscriber to IP address 68.8.137.53.  (The Court notes that it is actually unclear whether the IP address is registered to Defendant).  As recognized by many courts, just because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity.

In In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012), the district court explained that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."  The court explained that due to the increasing popularity of wireless routers, it is even more doubtful that the identity of the subscriber to an IP address correlates to the identity of infringer who used the address:

> While a decade ago, home wireless networks were nearly non-existent, 61% of U.S. homes now have wireless access.  Several of the ISPs at issue in this case provide a complimentary wireless router as part of Internet service. As a result, a single IP address usually supports multiple computer devices—which unlike traditional telephones can be operated simultaneously by different individuals. See U.S. v. Latham, 2007 WL 4563459, at *4 (D.Nev. Dec.18, 2007). Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.

Id. at *3.

Because the subscriber of an IP address may very well be innocent of infringing activity associated with the IP address, courts take care to distinguish between subscribers and infringers.  Courts limit discovery regarding Doe defendants in BitTorrent cases to

ensure that potentially innocent subscribers are not needlessly humiliated and coerced into unfair settlements. See Discount Video Center, Inc., v. Does 1-29, 285 F.R.D. 161, 166 (D. Mass. Aug. 10, 2012) ("Moreover, the improper assertion in the Notice [attached to subpoenas] that subscribers are Defendants is significant in that it might well cause innocent subscribers . . . to accede to unreasonable settlement demands.") See also Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (issuing a protective order with respect to discovery regarding subscriber information because the "risk of false positives" gives rise to the potential that unjust settlements will be coerced from innocent defendants who want to avoid having their names publicly associated with films with suggestive titles).

Due to the risk of "false positives," an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement. In AF Holdings LLC v. Doe, 2013 WL 97755, at *8 (N.D. Cal. Jan. 7, 2013), one of the reasons the court denied plaintiff leave to file an amended complaint alleging that a particular individual, Hatfield, infringed plaintiff's copyrighted material, was that the amended complaint alleged "no facts showing that Hatfield infringed AF Holdings' copyrighted material, apart from the facts that were previously alleged and that have been known to AF Holdings for more than a year – in particular, that the IP connection through which the material was downloaded is registered to Hatfield."

As mentioned above, Plaintiff alleges that Defendant, using IP address 68.8.137.53, participated in the swarm that downloaded and distributed the Video on May 7, 2012. Under Rule 11(b)(3), Plaintiff's counsel certified that to the best of his knowledge, this factual contention has evidentiary support. However, due to the potential for abuse in these types of cases, the Court wants to make sure that Plaintiff's contention is supported by evidence that goes beyond the identity of the subscriber to the IP address. Therefore, the Court orders Plaintiff to provide a more definite statement setting forth the factual basis for its allegation that Defendant used IP address 68.8.137.53 to infringe its copyright.[1]

---

[1] In its Opposition, Plaintiff states in a footnote that "Plaintiff's allegations and identification of Defendant are based off of much more information than a lone IP address . . . ." Plaintiff does not, however, specify what information it has.

B.  <u>Negligence Claim</u>

In Count Three, Plaintiff alleges that Defendant was negligent in either (1) failing to secure his internet connection, thereby allowing someone to use his internet account to copy and share Plaintiff's Video over the BitTorrent protocol, or (2) permitting someone to use his internet connection to infringe Plaintiff's copyright.

To the extent that Plaintiff claims that Defendant knew that someone was using his internet connection to copy and share Plaintiff's Video, Plaintiff's negligence claim is preempted by the Copyright Act. 17 U.S.C. § 301. The preemption analysis under the Copyright Act is a two-step inquiry. <u>Valente-Kritzer Video v. Pinckney</u>, 881 F.2d 772, 776 (9th Cir. 1989). First, it must be determined whether the work at issue falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. <u>Id</u>. at 776. Second, it must be determined whether the state law claim is equivalent to any of the exclusive rights within the general scope of copyright as set forth in 17 U.S.C. § 106. <u>Id.</u> The state law claim must have an "extra element" which changes the nature of the action to survive preemption. <u>Id.</u>

Plaintiff's Video is within the types of work protected by the Copyright Act. Furthermore, to the extent Plaintiff's negligence claim rests on the theory that Defendant allowed someone else to use his internet connection even though Defendant knew or had reason to know that the individual was infringing Plaintiff's copyright, Plaintiff's claim is equivalent to a contributory copyright infringement claim. A person can be held liable for contributory copyright infringement if he or she knowingly encourages or assists the infringement. <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1019 (9th Cir. 2001). Thus, Plaintiff's negligence claim, to the extent it rests upon a theory of knowing facilitation of infringement, is preempted. See <u>Liberty Media Holdings, LLC v. Tabora</u>, 2012 WL 2711381 (S.D.N.Y. July 9, 2012) (holding that state law claim of negligence, alleging that defendant knew someone was using his internet connection to pirate copyrighted motion pictures, fell squarely within the realm of contributory copyright infringement and was preempted).

To the extent that Plaintiff's negligence claim alleges that Defendant failed to properly

secure his internet connection or failed to properly monitor the use of his secured internet connection by others, Plaintiff's claim fails because there is no underlying duty. One who fails to act to protect another is generally not liable for breaching a duty unless there is a special relationship giving rise to a duty to act. Mid-Cal National Bank v. Federal Reserve Bank of San Francisco, 590 F.2d 761, 763 (9th Cir. 1979). There is no special relationship between Plaintiff and Defendant which gives rise to a duty on the part of Defendant to ensure, through heightened security measures and hawkish monitoring of internet usage, that nobody uses his internet connection to infringe Plaintiff's copyright. See AF Holdings, LLC v. Doe, 2012 WL 4747170, at *5 (N.D. Cal. Oct. 3, 2012) ("AF Holdings has not alleged any special relationship basis for imposing on Botson a legal duty to take affirmative steps to prevent the infringing activity that allegedly occurred over Botson's Internet connection."); AF Holdings, LLC v. Doe, 2012 WL 3835102, at *3 (N.D. Cal. Sept. 4, 2012) (dismissing negligence claim due to lack of any special relationship giving rise to a duty to protect AF Holdings' copyrights). As expressed by one district court, "[C]ommon sense dictates that most people in the United States would be astounded to learn that they had such a legal duty." New Sensations, Inc. v. Does 1-426, 2012 WL 4675281, at *6 (N.D. Cal. Oct. 1, 2012).[2]

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion is **GRANTED** as to Count Three, which is **DISMISSED**. The Court defers ruling on the motion to dismiss Counts One and Two and **ORDERS** that Plaintiff provide a more definite statement setting forth the factual basis for Plaintiff's allegation that Defendant used IP address 68.8.137.53 to infringe its copyright. Plaintiff shall file a Second Amended Complaint containing the more definite statement within 20 days of the entry of this order. Failure to do so will result in the

---

[2] The Court does not reach Defendant's argument that Plaintiff's negligence claim is barred by because Defendant has immunity under the Communications Decency Act, 47 U.S.C. § 230.

1  dismissal with prejudice of Counts One and Two.

2  **IT IS SO ORDERED.**

3  DATED:  January 29, 2013

4  _____
   BARRY TED MOSKOWITZ, Chief Judge
5  United States District Court